IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., a California corporation, <br> Plaintiff, <br> v. <br><br> (1) APPLE, INC., a California corporation, (2) AT&T INC., a Delaware corporation, (3) AT&T MOBILITY LLC, a Delaware limited liability company, (4) CELLCO PARTNERSHIP, a Delaware partnership, (5) EXEDEA, INC., a Texas corporation, (6) GOOGLE INC., a Delaware corporation, (7) HTC CORPORATION, a Republic of China corporation, (8) HTC AMERICA, INC., a Texas corporation, (9) LG Electronics, Inc., a Korean limited company, (10) LG Electronics Mobilecomm U.S.A., Inc., a California corporation, (11) MOTOROLA, INC., a Delaware corporation, (12) NOKIA CORPORATION a Finnish corporation, (13) NOKIA INC., a Delaware corporation, (14) PALM, INC., a Delaware corporation, (15) QUALCOMM INC., a Delaware corporation, (16) SAMSUNG ELECTRONICS CO., LTD., a Korean limited company, (17) SAMSUNG, SEMICONDUCTOR INC., a California corporation, (18) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, (19) SPRINT SPECTRUM LP, a Delaware limited partnership, (20) TEXAS INSTRUMENTS INC., a Delaware corporation, <br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____ <br><br> JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MicroUnity Systems Engineering, Inc., for its complaint against Defendants

Apple, Inc., AT&T Inc., AT&T Mobility LLC, Cellco Partnership, Exedea, Inc., Google Inc., HTC

Corporation, HTC America, Inc., LG Electronics, Inc., LG Electronics Mobilecomm U.S.A., Inc.,

Motorola, Inc., Nokia Corporation, Nokia Inc., Palm, Inc., Qualcomm Inc., Samsung Electronics

1

Co., LTD., Samsung Semiconductor, Inc., Samsung Telecommunications America, LLC, Sprint Spectrum LP, and Texas Instruments Inc., alleges:

## THE PARTIES

1.     MicroUnity Systems Engineering, Inc. ("MicroUnity") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 376 Martin Avenue, Santa Clara, CA 95050.

2.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Texas Instruments Inc. ("TI") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 12500 TI Blvd., Dallas, TX 75226; that TI has developed, manufactures, and sells its OMAP3 series of processors to the suppliers of cell phones and other products; that TI has announced that it is developing its OMAP4 series of processors; that OMAP3 and OMAP4 processors are designed, used, offered for sale and sold in this district; and that products implementing such processors are designed, used, offered for sale and sold in this district and throughout the United States and imported into the United States.

3.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Qualcomm, Inc. ("Qualcomm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5775 Morehouse Drive, San Diego, CA 92121; that Qualcomm has developed, manufactures, and sells its Snapdragon series of processors, including but not limited to its QSD8x50 and MSM7x30 processors, to the suppliers of cell phones, tablet computers and other products; and that products implementing such processors are used, offered for sale and sold in this district and throughout the United States and imported into the United States.

4.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co., Ltd. ("Samsung") is a public limited company duly organized and existing

2

under the laws of South Korea, with its principal place of business at #24 Nongseo-Dong, Kiheung-Gu, Yongin-City, Kyunggi-Do, Korea; that Defendant Samsung Semiconductor, Inc., ("SSI") is a wholly owned subsidiary of Samsung, and is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 3655 N. 1st St., San Jose, CA 95134; that Samsung and SSI have developed, manufacture, and sell processors such as the S5PC100 and S5PC110 to the suppliers of cell phones, media players and other products; that Samsung manufactures the Apple A4 processor for use in cell phones, tablet computers and other products; and that products implementing such processors are used, offered for sale and sold in this district and throughout the United States and imported into the United States.

5. MicroUnity is informed and believes, and on that basis alleges, that Defendant Motorola, Inc. ("Motorola") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1303 E. Algonquin Rd., Schaumburg, IL 60196; and that cell phones such as the Droid, DroidX, Droid 2, Droid Pro, Bravo, Flipout, Charm and Defy are manufactured by Motorola and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Motorola.

6. MicroUnity is informed and believes, and on that basis alleges, that Defendant Nokia Corporation is a corporation duly organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 2-4, Espoo, Fl-02-150, Finland; and that Defendant Nokia Inc. is a wholly owned subsidiary of Nokia Corporation, and is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6000 Connection Drive, Irving, TX 75039.  Nokia Corporation and Nokia Inc. are individually and collectively referred to herein as "Nokia."  MicroUnity is informed and believes, and on that basis alleges, that

cell phones such as the N900 are manufactured by Nokia and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Nokia.

7.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Palm, Inc. ("Palm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085; and that cell phones such as the Pre and Pre Plus are manufactured by Palm and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Palm.

8.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Telecommunications America, LLC, ("STA") is wholly owned by Samsung, and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Collin County, TX 75082; that Samsung and STA manufacture cell phones and other products such as the Captivate, Fascinate, Showcase, Mesmerize, Tab, Continuum, Epic 4G and Focus; and that such cell phones and other products are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Samsung and STA.

9.     MicroUnity is informed and believes, and on that basis alleges, that Defendant HTC Corporation, also known as High Tech Computer Corporation, is a public limited liability company duly organized and existing under the laws of the Republic of China, with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, Republic of China; that Defendant HTC America, Inc. is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005; and that Exedea, Inc., is a wholly owned subsidiary of HTC Corporation, through an intermediary

4

corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 5950 Corporate Drive, Houston, TX 77036. HTC Corporation, HTC America, Inc. and Exedea are individually and collectively referred to herein as "HTC." MicroUnity is informed and believes, and on that basis alleges, that cell phones such as the HTC Droid Incredible, Evo 4G and Surround are manufactured by HTC and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by HTC.

10.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Google Inc. ("Google") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Pkwy., Mountain View, CA 94043; that HTC manufactures and Google sells cell phones such as the Nexus One; that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Google and HTC.

11.     MicroUnity is informed and believes, and on that basis alleges, that Defendant LG Electronics, Inc., is a public limited company duly organized and existing under the laws of South Korea, with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-7-21, South Korea; and that Defendant LG Electronics Mobilecomm U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc., and is a corporation duly organized and existing under the laws of the state of California with its principal place of business at 10101 Old Grove Road, San Diego, CA 92131. LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. are individually and collectively referred to herein as "LG." MicroUnity is informed and believes, and on that basis alleges, that LG manufactures and sells cell phones such as the eXpo and Quantum; and that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by LG.

5

12.    MicroUnity is informed and believes, and on that basis alleges, that Defendant Apple, Inc. ("Apple") is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014; that Apple has developed processors such as the A4 that Apple uses in certain products that Apple sells, and contracted with Samsung for their manufacture; that Apple manufactures and sells products such as the iPhone 3GS and 4 cell phones, iPod Touch 3G and 4G media players, iPad tablet computers and Apple TV (2nd gen); and that such cell phones, media players, tablet computers and other products are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Apple.

13.    MicroUnity is informed and believes, and on that basis alleges, that Defendant Cellco Partnership ("Verizon"), doing business as Verizon Wireless, is a general partnership, duly organized and existing under the laws of the state of Delaware, between Verizon Communications Inc., a corporation duly organized and existing under the laws of the state of Delaware, and Vodafone Group Plc, a public liability company duly organized and existing under the laws of the United Kingdom, with Verizon's principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920; that Verizon sells cell phones and other products such as the Motorola Droid, DroidX, Droid 2, Droid Pro, HTC Droid Incredible, HTC/Google Nexus One and Palm Pre and Pre Plus, Samsung Fascinate and Tab, Apple iPhone 4 and iPad; and that such cell phones and other products are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Verizon.

14.    MicroUnity is informed and believes, and on that basis alleges, that Defendant Sprint Spectrum LP ("Sprint") is a limited partnership duly organized and existing under the laws of the state of Delaware, with its principal place of business at 2001 Edmund Halley Drive, Reston, VA

6

20191; that Sprint sells cell phones and other products such as the Palm Pre, HTC Evo 4G and Samsung Epic 4G and Tab; and that such cell phones and other products are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Sprint.

15.   MicroUnity is informed and believes, and on that basis alleges, that Defendant AT&T Inc. is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 208 S Akard St., Dallas, TX 75201; and that Defendant AT&T Mobility LLC is wholly owned by AT&T Inc., and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5565 Glenridge Connector, Atlanta, GA 30342. AT&T Inc. and AT&T Mobility LLC are individually and collectively referred to herein as "AT&T." MicroUnity is informed and believes, and on that basis alleges, that AT&T sells cell phones and other products such as the Motorola Bravo and Flipout, Samsung Captivate and Focus, HTC surround, LG eXpo and Quantum, and Apple iPhone 3GS and 4 and iPad; and that such cell phones and other products are used, offered for sale and sold in this district and throughout the United States and imported into the United States by AT&T.

## JURISDICTION AND VENUE

16.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that the defendants reside in this district, a substantial part of the events giving rise to the claim occurred in this district, and the defendants have a regular and established place of business in this district and have committed acts of infringement in this district.

1433535v1/011876

17.   This case is related to prior actions *MicroUnity Systems Engineering, Inc. v. Intel Corporation and Dell, Inc.*, C.A. No. 2-04CV-120; *MicroUnity Systems Engineering, Inc. v. Sony Computer Entertainment America Inc.*, C.A. No. 2-05CV-505; and *MicroUnity Systems Engineering, Inc. v. Advanced Micro Devices, Inc.*, C.A. No. 2-06CV-486 and pending actions *MicroUnity Systems Engineering, Inc v. Acer Inc., et al.*, Case Nos. 02:10-cv-91 and 02:10-cv-185, all of which were filed in the United States District Court for the Eastern District of Texas, Marshall Division.

## INFRINGEMENT OF U.S. PATENT NO. 6,643,765 B1

18.   On November 4, 2003, United States Patent No. 6,643,765 B1 (the "'765 patent") was duly and legally issued for an invention entitled "Programmable Processor with Group Floating Point Operations." MicroUnity was assigned the '765 patent and continues to hold all rights and interest in the '765 patent. A true and correct copy of the '765 patent is attached hereto as Exhibit V.

19.   TI, Samsung, SSI, Qualcomm and Apple have infringed and continue to infringe one or more of the claims of the '765 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 and S5PC110 processors, Qualcomm's Snapdragon processors and Apple's A4 processors. TI, Samsung, SSI, Qualcomm and Apple are liable for their infringement of the '765 patent pursuant to 35 U.S.C. § 271.

20.   Motorola, Nokia, Palm, Samsung, STA, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '765 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones, media players, tablet computers and other products, including but not limited to the Motorola Droid, DroidX, Droid 2, Droid Pro, Bravo, Flipout, Charm and Defy; Nokia N900; Palm Pre and Pre Plus: Samsung Captivate, Fascinate, Showcase, Mesmerize, Tab, Continuum, Epic 4G and Focus; HTC Droid Incredible, Evo 4G and

8

Surround; Google/HTC Nexus One; Google/Samsung Nexus S; LG eXpo and Quantum; and Apple iPhone 3GS and 4, iPod Touch 3 and 4G, iPad, and Apple TV (2nd gen). Motorola, Nokia, Palm, Samsung, STA, HTC, Google, LG and Apple are liable for their infringement of the '765 patent pursuant to 35 U.S.C. § 271.

21.   Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '765 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '765 patent pursuant to 35 U.S.C. § 271.

22.   Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial.   Defendants' infringement of MicroUnity's exclusive rights under the '765 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

23.   MicroUnity is informed and believes, and on that basis alleges, that TI has had communications and contact with MicroUnity and is fully aware of MicroUnity's technology and patent portfolio including the '765 patent; that TI has proceeded to infringe the '765 patent with full and complete knowledge of the patent and its applicability to its products without any attempt to take a license under the '765 patent and without a good faith belief that the '765 patent is invalid or not infringed, and thus TI's infringement of the '765 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.   MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '765 patent is willful and deliberate,

1433535v1/011876

entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

MicroUnity demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MicroUnity Systems Engineering, Inc., requests entry of judgment in its favor and against defendants as follows:

a)   Declaring that defendants have infringed U.S. Patent No. 6,643,765 B1;

b)   Awarding the damages arising out of defendants' infringement of U.S. Patent No. 6,643,765 B1, including enhanced damages pursuant to 35 U.S.C. § 284, to MicroUnity, together with prejudgment and post-judgment interest, in an amount according to proof;

c)   Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 6,643,765 B1, or in the alternative, a post-judgment royalty for post-judgment infringement;

d)   Awarding of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

e)   For such other costs and further relief as the Court may deem just and proper.

DATED: January 27, 2011

Respectfully Submitted,

/s/ Stephen D. Susman
Stephen D. Susman, Attorney-in-Charge
State Bar No. 1952100
ssusman@susmangodfrey.com
Max L. Tribble, Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
Joseph S. Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666

Sidney Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
1127 Judson Rd - Ste 220
PO Box 3999
Longview, TX 75601-5157
(903) 236-9800
Fax: (903) 236-8787

Otis W. Carroll
State Bar No.00794219
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Michael F. Heim
State Bar No. 09380923
mheim@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

11

Douglas R. Wilson
State Bar No. 24037719
dwilson@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

George M. Schwab
State Bar No. 58250 (CA)
gschwab@gmspatent.com
LAW OFFICES OF GEORGE M. SCHWAB
235 Montgomery St., Suite 1026
San Francisco, CA 94104
Telephone: (415) 889-5210

Attorneys for MICROUNITY SYSTEMS ENGINEERING, INC.

1433535v1/011876